SCHROEDER v. COATESVILLE ROLLING-MILL CO. et al.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

SALE—DEFECTIVE QUALITY.

> The plaintiff ordered from the defendant a quantity of steel squares, stating that they were to be of a quality required by a previous order, and "quality wants to be soft, same as heretofore, as squares are to be stamped up." The squares were delivered and paid for. In an action to recover back the price for a portion thereof, on the ground that they were not up to the agreed quality, the plaintiff proved that those received under both orders were delivered by him to the same manufacturer, and that, while the earlier lot stood the process of stamping, a portion of the later were broken and rendered worthless thereby. *Held*, that the evidence warranted a finding that the steel in question was not of the same quality furnished under the prior order.
>
> Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Arthur Schroeder against the Coatesville Rolling-Mill Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John J. Delany, for appellants.

Charles Haldane Johnson, for respondent.

INGRAHAM, J. The action was to recover the damages sustained by a breach of what is alleged in the complaint to be an "understanding and agreement as well as upon the representation and warranty of the defendants that said steel squares were to be the same quality as steel squares previously sold and delivered by defendants to plaintiff, and should be fit for stamping," upon the sale by the defendants to the plaintiff of certain steel squares by a contract made on the 11th day of April, 1894. The evidence shows that prior to the time of the sale in question, in May, 1893, the plaintiff had purchased from the defendants 50 tons of steel cut in squares. The order for this steel was as follows: "This must be soft, for stamping, so presume you must anneal the same. * * * Ordinary Bessemer will answer the purpose, as I have had quantities for same people in blue steel." In pursuance of this order a contract was made, but before delivery certain samples were sent to the plaintiff for testing, and, the test having been successful, the 50 tons were ordered, delivered, and paid for. On April 10, 1894, the plaintiff sent to the defendants an order for additional soft-steel squares, which were to be of the quality theretofore ordered. On April 12, 1894, the plaintiff wrote to the defendants a letter repeating this order, which contained this statement: "Quality wants to be soft, same as heretofore, as squares are stamped up." The defendants filled this order by shipping this steel ordered, which the answer alleges "was manufactured pursuant to plaintiff's written contract with defendant." The evidence tended to show that said steel squares were not of the quality that were ordered before, as a certain number of them, when submitted to the stamping process, broke, and were rendered worthless. Here was this evidence that the steel was not soft enough for stamping.

I think there was evidence to sustain this verdict of the jury. The plaintiff proved the delivery of the steel under the prior order; that that steel had been delivered by plaintiff to the same manufacturer for whom the steel in question was purchased; that the steel delivered under the former order did as a fact stand the process of stamping, and was fit for the purpose for which it was used. The article ordered was steel squares, "soft for stamping." This was a warranty of the character of the steel, which survived the acceptance of the article. Dounce v. Dow, 64 N. Y. 416; Day v. Pool, 52 N. Y. 416. There was evidence tending to show that it was impossible to determine the exact quality of steel of this character from an inspection, and that the only way it could be ascertained whether or not the steel would stand stamping was by using it in that process. It then appeared that the steel furnished under the order in question did not, as a matter of fact, stand that process, but that many of the plates broke, and were thus rendered valueless. There was upon this evidence a question for the jury as to whether the

steel furnished under the contract in question was of the same quality as had been furnished by the defendants upon the prior order. The defendants offered evidence tending to show that the steel was exactly the same; that steel of this quality, which was of a low grade, was not always uniform, but that sometimes it would submit to such use as this steel was put to and sometimes it would not. The court submitted the question to the jury, charging them as follows: "If you find these goods were of the same quality, although they did not answer the same purpose the same kind of goods formerly did, then the defendants would be entitled to your verdict. If you find they were not of the same quality, the plaintiff would be entitled to your verdict." To this charge no exception was taken, and the charge seems to have been satisfactory to the parties. It was then, I think, a fair question for the jury, upon the evidence, to say whether or not this steel, delivered under the order in question, was of the same quality as that delivered under the former order, and, the jury having found for the plaintiff, the plaintiff was entitled to a verdict. No objection is made as to the amount of the verdict, or as to any questions, except that the cause of action was not proved. The complaint alleges that the steel was sold upon the understanding and agreement, as well as upon the representation and warranty of the defendants. The evidence shows that a certain quality of steel was ordered, and there was evidence tending to show that the steel ordered was not delivered, and that the defect could not be ascertained until its actual use in process of manufacture. If this was so, the particular squares of steel that were not of the quality ordered did not comply with the contract, and for those particular squares of steel the plaintiff was not bound to pay. Having paid defendants for it, he was entitled to recover back from the defendants the amount which he had paid for the steel which was not of the quality ordered, and which the defendants had no right to supply to him upon the order as given; and, as the recovery was limited to the amount which the plaintiff had paid the defendants for defective steel thus furnished, we think such a recovery was properly allowed. The judgment is affirmed, with costs.

PATTERSON and McLAUGHLIN, JJ., concur.

O'BRIEN, J. I dissent for the reason that there was no proof that the plates sold were not of "ordinary Bessemer Steel and soft for stamping, the same quality as those theretofore ordered." There was no specific warranty that they would be suitable, for "tops and bottoms of Raines boilers." Defendants did not know to what use they were to be put; and this case therefore is like Dounce v. Dow, 64 N. Y. 415.

VAN BRUNT, P. J., concurs.